NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—JUNE, 1876.

## BOOTH *v.* CORNELL.

*In the matter of the Estate of* CHARLES E. CORNELL, *deceased.*

Under a bequest to *A.* of the interest upon a fund, in case she shall become a widow, during her widowhood, payable annually,—continuing "and at her death, I give $500 of said principal sum to," &c., &c.,—
*Held,* that the gift in remainder from the principal did not vest in interest till the death of the widow.

After a legacy to a corporation "The New York Young Men's Christian Association" had vested in interest, but before the time for vesting in possession arrived, the corporation accepted a new charter under the name of "The Young Men's Christian Association" of New York, which provided that on its acceptance, the former corporation should be dissolved, and all its property vested in the new corporation.
*Held,* that the legacy lapsed, by the dissolution of the legatee, and the new corporation could not take it.

Testator bequeathed a fund to the "Five Points House of Industry,"— "to be applied to the uses of the farm in Westchester county." At the time of the testator's death the legatee had and carried on such a farm, but before the time when the legacy could vest in interest, it ceased to have such farm.
*Held,* that the words "to be applied," amounted to a condition, the failure of which defeated the legacy.

THIS was a proceeding in the matter of the estate of Charles E. Cornell, deceased.

The question involved was the construction of the following clause of the testator's will:

" I give to my sister Louisa Adeline, wife of Salmon Booth, the interest upon $1,500 in case she shall become a widow, during her widowhood—payable annually. At her death I give $500 of said principal sum each to the *'New York State Colonization Society,'*—*' The New York Young Men's Christian Association,'* and *'Five Points House of Industry,'* under care of the Reverend L. M. Pease, to be applied to the uses of the farm in Westchester County.

" The interest upon said principal sum of $1,500 for so much of the life of said Louisa Adeline, during which she shall be a widow, I give to the above named institutions to be divided equally between them, share, and share alike payable annually."

It appeared that the testator died in October, 1854; and that Mrs. Booth became a widow in May, 1855, and died July 8th, 1875.

It also appeared that at the time of the death of the testator, *"The New York Young Men's Christian Association"* was a corporation capable of receiving the legacy in question, but that in April, 1866, the Legislature, by chapter 350, of the Laws of that year, passed an Act to incorporate "The Young Men's Christian Association" of the city of New York, authorizing the former Association by vote of its former Directors, &c., to accept said charter; (which was done); and provided, that when this should be done, the former corporation should be dissolved, and all its property vested in the corporation created by said Act.

It also appears that *"The Five Points House of Industry,"* at the time of the decease of the testator, was pos-

sessed of, and operated, a farm in Westchester County; but that at the date of Mrs. Booth's death, they had no such farm.

The questions which arose upon this state of facts, and which were submitted to the Surrogate were:

1. Whether the legacies became vested at the time of the death of the testator, and at which time both the corporations referred to, could have taken; and if not;

2 Whether the Act of the Legislature, in respect of "*The Young Men's Christian Association,*" dissolved the former corporation, so that the legacy lapsed, or whether the present incorporation was entitled to receive it, and

3. Whether the legacy to "*The Five Points House of Industry*" lapsed because at the time of the death of Mrs. Booth it was not possessed of, or operating a farm, in Westchester County.

ROBERT F. LITTLE, *for the Executor.*

GEORGE F. BETTS, *and others, for Legatees.*

THE SURROGATE.—I am of opinion that the respective legacies did not vest before the decease of Mrs. Booth, and that at her death, "*The New York Young Men's Christian Association*" had ceased to exist, and that the legacy therefore lapsed.

In the numerous authorities considered in the case of *Patterson* v. *Ellis* (11 *Wend.*, 253), the distinction is discussed, and recognized, between legacies given at a day, or payable at a day. It is held, that time in the first case is annexed to the legacy itself, in the second, only to its payment; that in the first instance, the legacy does not vest until the time specified, and in second, that it vests on the death of the testator.

From the language of the bequest under consideration, it seems to me that it leaves no room for doubt that the time, to wit, the death of Mrs. Booth, was an-

nexed to the legacy, and the intention of the testator, which is always a controlling consideration, was clearly to give no interest in the principal sum itself, to the corporation named, until after the death of Mrs. Booth, and was conditioned on that event; the legacy must be held therefore to have lapsed as to "*The Young Men's Christian Association.*"

I am not able to appreciate the argument, that because the present corporation is supposed to be engaged in the same charitable Christian work, it may be for that purpose regarded as the same corporation; and if not the same, it seems to me that the request given to the corporation is like one given to an individual, and that if it does not vest at the time of the death of the testator, and there is no such person to take, when it would otherwise vest, it must be held to have lapsed; and it would be no answer to say that there was some individual, who would use the fund for the same purposes.

As to the legacy to "*The Five Points House of Industry,*" it is true that the corporation existed at the time of the decease of Mrs. Booth, but it also appears that the bequest was on condition, that it devote the legacy to the purposes for which it was intended by the testator, and the term "to be applied" I think amounts to a condition, the now happening of which, defeats the legacy. (See *Caw* v *Robertson*, 5 *N. Y.*, 125; *Wheeler* v. *Lester*, 1 *Bradf.*, 213, and cases cited.)

On such examination and reflection as I have been able to give this matter, I am of the opinion that both of the legacies lapsed, for the reasons above stated, and that neither of said coporations are entitled thereto.

Decree accordingly.